# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1621 | **DATE** | 3/9/2011 |
| **CASE TITLE** | Deshawn C. Williams (R-72606) v. Dart, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to proceed *in forma pauperis* [3] is granted. The Court authorizes the trust fund officer at Plaintiff's place of confinement to deduct $10.70 from Plaintiff's account for payment to the Clerk, and to continue making monthly deductions and payments in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at the East Moline Correctional Center. The Clerk shall also: (1) issue summonses for Defendants Dr. McIntash, Captain Plexico, and Lieutenant Johnson; (2) dismiss Defendant Tom Dart; (3) and send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order. Plaintiff's motion for appointment of counsel [4] is denied without prejudice. The United States Marshals Service is appointed to serve Dr. McIntash, Captain Plexico, and Lieutenant Johnson.

■[For further details see text below.]

Docketing to mail notices.

# STATEMENT

    Plaintiff, Deshawn C. Williams, a prisoner at the East Moline Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983.

    Plaintiff having shown that he is indigent, his motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $10.70. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from his trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff in the event of this transfer to any other correctional facility.

    Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints.

    Plaintiff alleges that when he was processed into Cook County Jail, he informed the intake doctors that he suffered from seizures. Plaintiff was issued a low bunk permit based on his seizures. Apparently, Plaintiff was not assigned to a lower bunk and, on June 21, 2010, he fell off the top bunk due to a seizure, dislocating his shoulder. While waiting for medical attention, Plaintiff suffered another seizure. Plaintiff alleges that he informed correctional officers, including Lieutenant Johnson and Sergeant Plexico, of his low bunk permit to no avail. While in the emergency room for his shoulder injury, Dr. McIntash had two correctional officers assist in placing Plaintiff's shoulder instead of trained professionals.

    Plaintiff names Sheriff Tom Dart, Lieutenant Johnson, Sergeant Plexico, Dr. McIntash, and two John Doe correctional officers as Defendants. Plaintiff states that all Defendants are sued in both their individual and official capacities.

    Plaintiff does not allege that Sheriff Dart was personally involved in the denial of a low bunk or in his medical treatment. Thus, Plaintiff has not pled an individual capacity claim against Sheriff Dart. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003) (liability under the Civil Rights Act requires a defendant's personal involvement in the alleged constitutional violation); *see also Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002) (a supervisory official cannot be held liable for the conduct of his subordinates based upon a theory of *respondeat superior*, and a complaint's

| STATEMENT |
|---|

allegations must indicate that the supervisory official was somehow personally involved in the constitutional deprivation).

Claims filed against government officers in their official capacity are actually claims against the government entity for which the officers work. *See Kentucky v. Graham*, 473 U.S. 159, 167 (1985); *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007). A governmental entity is liable for damages under Section 1983 only if the plaintiff can show that the alleged constitutional deprivation occurred as a result of an official policy, custom, or practice. *See Monell v. Department of Social Serv.*, 436 U.S. 658, 692 (1978) Unconstitutional policies or customs generally take three forms: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a usage or custom with the force of law; or (3) a constitutional injury was caused by a person with final policy-making authority. *Brokaw v. Mercer County*, 235 F.3d 1000, 1013 (7th Cir.2000). Plaintiff's conclusory statement that Sheriff Dart has created a "systemic failure by not maintaining constitutionally required standards of care" is insufficient to state a claim against any Defendant in his official capacity. Plaintiffs cannot "merely parrot the statutory language of the claims that they are pleading . . . rather than providing some specific facts to ground those legal claims. . . ." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. Aug. 20, 2009*)*. "[C]ourts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal arguments." *Brooks*, 578 F.3d at 581.

Based on the above, Defendants Dr. McIntash, Captain Plexico, and Lieutenant Johnson must respond to Plaintiff's complaint. Sheriff Tom Dart is dismissed as a Defendant in this action. The Clerk shall: (1) issue summonses for Defendants Dr. McIntash, Captain Plexico, and Lieutenant Johnson; (2) terminate Defendant Tom Dart; (3) and send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order.

The United States Marshals Service is appointed to serve Dr. McIntash, Captain Plexico, and Lieutenant Johnson. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former employee who can no longer be found at the work address provided by Plaintiff, the Cook County Department of Corrections shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to Defendant [or to defense counsel, once an attorney has entered an appearance on behalf of Defendant]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Civil litigants do not have a constitutional or statutory right to counsel. *See Johnson v.* Doughty, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004) (citing 28 U.S.C. § 1915(e)(1)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the Court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656 (quoting *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992)). If so, the Court must consider: (1) whether, given the degree of difficulty of the case, Plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the Court or the parties, potentially affecting the outcome of the case. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Gil*, 381 F.3d at 656.

After considering these factors, the Court concludes that appointment of counsel is not warranted. While Plaintiff has demonstrated that he has made an attempt to retain private counsel, he does not allege a physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Plaintiff's case, at the present time, does not involve complex issues, complex discovery, or an evidentiary hearing. In addition, the Court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, Plaintiff's motion for appointment of counsel is denied without prejudice.